UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:08-CV-026 PPS |
| ) | |
| TOM WAGNER, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This is a copyright infringement case filed by several recording companies against an individual who allegedly used an internet program to distribute copyrighted songs. Defendant Tom Wagner has moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Because the Plaintiffs have satisfied the minimum pleading standards required by Rule 8 and the applicable case law, the Motion is denied.

**FACTUAL BACKGROUND**

The complaint alleges the following facts, which the Court accepts as true for the purposes of deciding this Motion. Plaintiffs are the owners or licensees of certain copyrighted sound recordings. (DE 1 ¶11.) Wagner downloaded and/or distributed those recordings via the internet, using Gnutella, a so-called "peer-to-peer" or P2P network. (*Id*. ¶¶15.) P2P networks "enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files form one computer to another via the Internet." (*Id*. ¶13.) Plaintiffs were able to identify Wagner as the individual distributing these files by reference to the Internet Protocol address he used. (*Id*. ¶¶14-15.) Specifically, Plaintiffs allege:

> Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP address 71.127.71.103 on May 30, 2007 at 11:58:41 EDT distributing 3856 audio files over the Internet. The Defendant was identified as the individual responsible for that IP address at that date and time. Plaintiffs are informed and believe that as of May 30, 2007, Defendant, without the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and time of capture and a list of Copyrighted Recordings that Defendant has, without permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

(*Id*. ¶15.) Plaintiffs further contend that Wagner has "continuously downloaded and/or distributed" these recordings, that he is still doing so, (*id*. ¶16), and that he is doing so "willful[ly] and intentional[ly]," (*id*. ¶18). Plaintiffs seek statutory damages under 17 U.S.C. § 504(c), attorneys' fees and costs under § 505, (*id*. ¶19), and injunctive relief under §§ 502-503, (*id*. ¶20).

Wagner's Motion is predicated on Rules 12(b)(6) and/or 56. It consists of two paragraphs, only one of which provides a basis for dismissal. That paragraph states, in its entirety:

> The complaint fails to state a claim against Tom for violation of 17 U.S.C. § 501, because putting a file(s) into a "shared" folder should not and cannot lead to an assumption by the Court that these files were downloaded by other users. Since no documentation or proof of an actual infringement has been presented the Complaint must be dismissed in accordance with Fed Rules Civ. Pro. 12(b)(6).

(DE 8 ¶2.)

Plaintiffs responded with a fifteen-page memorandum arguing that they have satisfied the pleading requirements under Rule 8. (DE 13.) Essentially, Plaintiffs make two arguments: (1)

2

that they have adequately pleaded a claim of copyright infringement because they have alleged that Wagner actually "downloaded and/or distributed" the copyrighted materials, (*id*. at 7-8), and (2) that even though they have claimed actual distribution, they could state a copyright infringement claim based on Wagner simply making the materials available to the public for duplication (*id*. at 9-15).

Wagner's reply consists of a four-page memorandum and approximately fifty pages of exhibits, most of which concern the "making available" theory.  (DE 14.)  Wagner again asserts that "[s]imply storing music files on my computer can in no way constitute copyright infringement in any way shape or form."  (*Id*. at 4.)  He also challenges the sufficiency of the evidence, claiming that "[t]here is positively no documentation to support the claim that an 'actual distribution' occurred," and that "Plaintiffs seem to think they can simply make an accusation and then provide no documentation to support said accusation."  (*Id*. at 3.)

## DISCUSSION

As an initial matter, there is some confusion concerning what type of motion this is.  Wagner asserts that the complaint fails to state a claim upon which relief can be granted.  (*See* DE 8 ¶2.)  That is a valid basis for a motion to dismiss under Rule 12(b)(6).  However, Wagner also argues that the Plaintiffs have provided insufficient evidence to prove their allegations.  (*See* DE 14 at 3.)  That argument is properly made on summary judgment under Rule 56.  But Wagner has not submitted a affidavit or any other evidence, as is allowed under Rule 56.  Nor has he filed the "'Statement of Material Facts,' supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence," as required by Local Rule 56.1.  In fact, the Court is not aware of any discovery in this case.  Plaintiffs also noted this

3

confusion and responded to the Motion as one for dismissal, but requested leave to file a Rule 56(f) affidavit if the Court is inclined to treat the Motion as one for summary judgment.  (*See* DE 13 at 2, n.1.)  The Court agrees with Plaintiffs that this Motion is properly one for dismissal under Rule 12(b)(6), and will evaluate it as such.

The minimum requirements for pleading a claim for relief are contained in Rule 8.  That Rule requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  Rule 12(b)(6), on the other hand, authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The Supreme Court recently retooled its interpretation of the pleading standards in the context of a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  Prior to *Twombly* the standard had basically remained static for nearly fifty years.  In *Twombly*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  127 S.Ct. at 1964-65 (brackets omitted).  Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.  In so holding, *Twombly* retired the oft quoted statement from *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint survives a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). *See also Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

Two weeks after deciding *Twombly*, the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this

4

time in the context of *pro se* litigation.  In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  127 S.Ct. at 2200.  In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

      The Seventh Circuit has also cautioned courts not to "overread" *Twombly*.  *See Limestone*, 520 F.3d at 803.  *Twombly* essentially "impose[s] two easy-to-clear hurdles."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Id*. (quotation marks and ellipses omitted).  "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level."  *Id*. (quotation marks omitted).  In other words, "[a] complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face . . . [but] how many facts are enough will depend on the type of case."  *Limestone*, 530 F.3d at 803 (quotation marks and citations omitted).

      The copyright laws provide the owner of a copyright certain exclusive rights.  *See* 17 U.S.C. § 106.  Among them is the right "to distribute copies or phonorecords of the copyrighted work to the public. . . ."  17 U.S.C. § 106(3).  Anyone who violates the exclusive rights infringes upon the owner's copyright.  17 U.S.C. § 501(a).  Generally, copyright infringement is established upon proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th

5

Cir. 2007) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Seventh Circuit case law holds that downloading copyrighted audio recordings from P2P networks infringes upon the copyright owner's rights. *See BMG Music v. Gonzalez*, 430 F.3d 888, 889-91 (7th Cir. 2005). *See also In re: Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) (assuming that individuals who "swap computer files" containing copyrighted music are "making and transmitting a digital copy of the music [and thereby] infring[ing] copyright" for the purposes of addressing contributory and vicarious liability for the website operators who facilitate the transfers).

Plaintiffs' complaint meets the minimum requirements of Rule 8 and *Twombly* in setting forth its claim for copyright infringement. Plaintiffs have alleged that they are the owners of certain sound recordings, which were specified in Exhibit A to the complaint. (*See* DE 1 ¶11.) Plaintiffs further allege that Wagner "downloaded and/or distributed to the public" the songs listed on Exhibit A via the P2P network Gnutella on May 30, 2007 at 11:58:41 EDT. (*Id*. ¶15.) Plaintiffs' complaint thus contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Pro. 8(a)(2), and contains "enough [factual allegations] to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. At this stage of the litigation, Plaintiffs need not present actual proof to support their allegations; the allegations alone are sufficient.

The parties dispute whether a plaintiff can state a claim for relief under copyright by simply alleging that the defendant made the copyrighted material "available" to the public by placing the material in a "shared" folder on a P2P network. (*See* DE 1 ¶2; DE 13 at 9-15; DE 14.) This has been a difficult issue for courts of late. *See, e.g.*, *Elektra Entm't Group, Inc. v.*

*Barker*, No. 05-CV-7340 (KMK), __ F. Supp. 2d __, 2008 WL 857527 (S.D. N.Y. Mar. 31, 2008) (slip copy) (holding that a "making available" theory of copyright infringement is valid, but finding that the complaint nevertheless needed to be amended to state such a claim); *LaFace Records, LLC v. Does 1-5*, No. 2:07-cv-187, 2008 WL 513508, at *4-5 (W.D. Mich. Feb. 22, 2008) (slip copy) (allowing complaint that alleged the defendant "made available" copyrighted materials for copying); *Atl. Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 281-82 (D. Conn. 2008) (in denying a motion for default judgment, questioning the validity of a "making available" theory because "without actual distribution of copies there is no violation of the distribution right") (quotation marks, ellipses, and brackets omitted).

Fortunately, this Court need not enter the fray. Plaintiffs have specifically alleged actual distribution of the copyrighted materials. (*See* DE 1 ¶15.) Indeed, they have even alleged distribution of specific materials at a specific date and time. (*Id*.) More importantly, nowhere in Plaintiffs' complaint do they assert the "making available" theory. *Compare id*. ¶15 (alleging that Wagner "continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings") *with Brennan*, 534 F. Supp. 2d at 279 (quoting the allegation that the defendant "has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, *and/or to make the Copyrighted Recordings available for distribution to others*") (emphasis added). The "making available" theory is simply not at play in the present complaint.

In the end, this issue is straight-forward. Plaintiffs have alleged sufficient allegations to state a claim upon which relief can be granted. But the *LaFace* court's conclusion is appropriate

here as well: "[p]laintiffs have *alleged* acts of actual distribution.  Discovery would lead to information either supporting or undermining that allegation.  The issue therefore would be better addressed in a motion for summary judgment rather than a motion to dismiss." 2008 WL 513508 at *5 (emphasis in original).

## CONCLUSION

For the foregoing reasons, Defendant Tom Wagner's Motion to Dismiss [DE 8] is **DENIED**.

**SO ORDERED**.

ENTERED: May 13, 2008

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT